Case 4:20-cv-00819-BSM Document 2 Filed 07/09/20 Page 1 of 7

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Dec-12 15:10:24
60CV-19-8855
C06D09 : 7 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**MICHAEL MCGUIRE**                                             **PLAINTIFF**

**vs.**

**LITTLE CEASARS ENERPRISES, INC.**                  **DEFENDANTS**
**LTTLE CEASAS'S PIZZA OF ARKANSAS, INC.**

## COMPLAINT

Comes now the Plaintiff, Michael McGuire, by and through his attorney, Laura Avery, and for his Complaint against the Defendants, Little Ceasars Enterprises Inc. and Little Ceasars Pizza of Arkansas, states and alleges as follows:

1. Plaintiff, Michael McGuire, is an individual residing in Pulaski County, Arkansas

2. Defendant, Little Ceasars Enterprises, Inc., is a corporation incorporated under the laws of Delaware, having its principal place of business at 13222 Woodward Ave, Highland Park, MI 48203.

3. Little Ceasar's Pizza of Arkansas, Inc. is an independently owned franchise with its headquarters located in Little Rock.

## JURISDICTION

4. Jurisdiction and venue are proper in this Court. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f) and (3) of Title VII of the Civil Rights Act of 1963 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, §42 U.S.C. 1981a. In addition, the Defendant's actions violate the Arkansas Civil Rights Act.

5. At all relevant times, Defendant Employer has continuously been an employer


EXHIBIT A

engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5) and Section 107(7) of the ADA, 42 U.S.C 12117(a), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2). Defendant is also an employer covered by the Arkansas Civil Rights Act.

### Discrimination Charge Filed with EEOC

7. Plaintiff timely filed a discrimination charge against Defendant with the Equal Opportunity Commission (EEOC). Plaintiff received a notice of his right to sue from the EEOC within 90 days of the filing of this complaint.

8. Plaintiff is disabled by a visual impairment that substantially limits one or more major activities. He is otherwise qualified to perform the essential functions of the job that Defendant hired him to do as a crew member.

9. Defendant has intentionally discriminated against Plaintiff because of his disability by discharging him from employment soon after obtaining information on his disability and questioning the Plaintiff about his disability and medical conditions.

10. Defendant is an employer which, at all times relevant, employed over 150 employees on a full time basis; and, in the alternative, employed in excess of 200 employees in each of 20 or more calendar weeks in the relevant year.

11. Plaintiff was hired by the Defendant on or about April 3, 2019 as a crew member.

12. Plaintiff immediately began training on the Defendant's computer system on his first day of work. Plaintiff explained that he had difficulty seeing the computer screen due to his visual impairment.

13. On or about April 3, 2019, Plaintiff attempted to clock in using the computer system at the beginning of his shift. He asked another employee to check to make sure that he had clocked in correctly. The employee affirmed that she would check to ensure that Plaintiff had clocked in using the computer system.

14. Plaintiff's duties as a crew member included pulling dough balls, smashing them, and running them through a machine. After two and a half hours of work, Plaintiff was told that he was doing an excellent job.

15. Approximately halfway through his shift, Alissa Travis, the store co-manager asked Plaintiff to leave work early. The only explanation provided to the Plaintiff by Ms. Travis was that business was slowing down and that he was the "new guy".

16. When Plaintiff attempted to clock out, the screen on the machine he was using to clock out began flashing, and Plaintiff discovered that he had not clocked in correctly because he was unable to clearly see the screen.

17. Plaintiff was informed that the store manager, Cheryl, would need to contact her supervisor to find out what to do. Cheryl told Plaintiff that she would need to write him up due to company policy regarding clocking in at the beginning of each shift and asked Plaintiff to sign paperwork regarding the write-up.

18. On or about April 4, 2019, Plaintiff was contacted by a person who stated that they were a supervisor for Little Ceasars who requested that Plaintiff come in to corporate headquarters in Little Rock.

19. Plaintiff requested to meet with the individual who contacted him on Friday since Thursday was a scheduled day off, but the individual refused and informed Plaintiff that he would be taken off the schedule until Monday.

20. The next day, on Friday, Plaintiff called the store and asked to speak to Alyssa, the store manager. Plaintiff had been scheduled to work that day and informed Alyssa that he was the new hire at the store, and she responded and stated that he was "that guy with the eye problem" and told Plaintiff that she was instructed to take Plaintiff off the schedule until the following Monday.

21. Plaintiff requested to speak to the person who had instructed Alyssa to take Plaintiff off the schedule (Dennis Mullen) or a representative from company human resources department.

22. Plaintiff contacted the corporate office on Monday and was told that there was no one available to speak with him.

23. On Tuesday, Plaintiff was contacted by Dennis who requested to meet with Plaintiff the following day on Wednesday at 9 a.m..

24. Plaintiff attended the meeting on Wednesday with Chris Lewis, a job assessor employed with Building Bridges, and Mr. Finch, the owner/operator of the store where Plaintiff was employed.

25. During the meeting, Mr. Finch aggressively questioned Plaintiff about his abilities. Plaintiff asked why he had been taken off the schedule and was not given a direct answer to his question.

26. Mr. Finch gave Plaintiff and Mr. Lewis his business card and stated that he would make the final decision regarding Plaintiff's employment because he was the owner of the company.

27. Mr. Finch attempted to contact Plaintiff the following Friday on or about April 12, 2019 and requested another meeting. At that point, Plaintiff did not believe that the Defendant

was making a sincere effort to provide reasonable accommodations and did not feel comfortable discussing his visual impairment with Mr. Finch further due to the intrusive and aggressive nature of Mr. Finch's questioning at the previous meeting and prior refusals of anyone at the company to meet with Plaintiff to explain why he had been taken off the schedule.

28. By virtue of the statements and conduct of the Defendant, as described herein, the Plaintiff is or was, at all relevant times, regarded as having a disability, as defined by the Americans with Disabilities Act and the Arkansas Civil Rights Act.

29. The Plaintiff is a "qualified individual" with a disability under the ADA and ADAAA, and the Arkansas Civil Rights Act who can perform the essential functions of the position of crew member with the Defendant with reasonable accommodations.

30. The Defendant terminated the employment of the Plaintiff because of the Plaintiff's disability or because the Defendant regarded the Plaintiff as having a disability.

### Count I – Americans With Disabilities/Arkansas Civil Rights Act

31. Plaintiff re-alleges and reincorporates herein all of the prior facts and allegations contained in this Complaint.

32. The actions and conduct of the Defendant, as alleged herein, constitute a violation of the Americans with Disabilities Act and the Arkansas Civil Rights Act and is an unlawful employment practice.

33. The effect of the practices and conduct of the Defendant has been to deprive the Plaintiff of equal employment opportunities and adversely affects his status as an employee because of his disability.

34. The unlawful employment practices complained of herein were intentional.

35. The unlawful employment practices complained of herein were done with malice

or reckless indifference to the federally protected rights and the state protected rights of the Plaintiff.

36. The unlawful employment practices complained of herein were the proximate cause of damages to the Plaintiff in terms of back pay, general compensatory damages for mental anguish, future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

37. Because the employment practices and illegal conduct were intentional and were done with malice or reckless indifference to the federally protected rights of Plaintiff, the Plaintiff is entitled to punitive damages.

## **Prayer for Relief**

Wherefore, the Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to accommodate employees with disabilities.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from terminating an employee because of his disability and/or need for a reasonable accommodation.

C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for Plaintiff and other qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment practices.

D. Order Defendant Employer to make whole Plaintiff by providing compensation for past and future pecuniary losses resulting fro the unlawful employment practices described in

the forgoing paragraphs, including medical expenses and job search expenses in amounts to be determined at trial.

E. Order Defendant Employer to make whole Plaintiff by providing compensation for past and future non-pecuniary losses, including emotional, pain, suffering, inconvenience, and mental anguish resulting from the unlawful employment practices described in the foregoing paragraphs in amounts to be proven at trial.

G. Order Defendant Employer to pay punitive damages for its malicious and/or reckless conduct, resulting from the unlawful employment practices described in the foregoing paragraphs in an amount to be determined at trial.

I. Award Plaintiff his costs and attorney's fees; and for such other and further relief he may be entitled to receive.

J. Grant such further relief as the Court deems necessary and proper.

## Jury Trial Demand

The Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

Respectfully Submitted,

Michael McGuire, Plaintiff

__/s/ Laura Avery_____
By: Laura Avery Bar No. 2011209
Attorney for Plaintiff
300 S. Spring St. Suite 1015
Little Rock, AR 72201
Phone: (501) 725-1100
Fax: (501) 325-1759